# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROSA YAP MUNCHAK,

     Plaintiff, | CIVIL ACTION NO. 4:16-cv-01639

     v. | (BRANN, J.)
       | (SAPORITO, M.J.)

BECKY RUCKNO, et al.,

     Defendants.

## REPORT AND RECOMMENDATION

This is a *pro se* federal civil rights action, brought pursuant to 42 U.S.C. § 1983. The plaintiff, Rosa Yap Munchak, has been granted leave to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915. For the reasons stated herein, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

In her handwritten complaint, the *pro se* plaintiff appears to allege that the several defendants[1] violated her civil rights in connection with a

---

[1] The defendants are: Geisinger Hospital in Danville, Pennsylvania; Becky Ruckno, a Geisinger employee; Dr. Amy Law, an oncologist at Geisinger; the Estate of Dr. Robert L. Walker, a surgeon at Geisinger; Moffitt Cancer Research Center in Tampa, Florida; Dr. Robert Wenham, an oncologist at Moffitt; and Dr. Ravi Shankar, a radiologist at Moffitt.

December 2004 ovariohysterectomy at Geisinger Hospital in Danville, Pennsylvania, and a subsequent course of chemotherapy treatments administered in Pennsylvania and Florida between 2005 and 2010. The complaint appears to allege that this surgery and course of medical treatment was unnecessary, conducted without her adequately informed consent, and resulted in adverse side-effects, including lower extremity neuropathy and edema that affect her into the present. The plaintiff apparently sought some recourse from Geisinger in 2014 and 2015, but was not satisfied with their response. It is not clear from her complaint what relief she seeks in this civil action.

## II.   LEGAL STANDARD

A plaintiff proceeding *in forma pauperis* is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam). Rule 12(b)(6), in turn, authorizes a defendant

to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the well-pleaded allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

The plaintiff has asserted federal civil rights claims against the defendants under 42 U.S.C. § 1983. Section 1983 provides a private cause

of action with respect to the violation of federal constitutional rights. The

statute provides in pertinent part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or any other
> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but

instead provides remedies for rights established elsewhere. *City of*

*Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983

claim, a plaintiff must establish that the defendant, acting under color of

state law, deprived the plaintiff of a right secured by the United States

Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir.

1995).

The "under color of state law" element of § 1983 excludes from its

reach "merely private conduct, no matter how discriminatory or wrongful."

*Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). It is beyond cavil that the

defendants are all private entities or individuals, not arms of the state.

*See, e.g., Carver v. Plyer*, 115 Fed. App'x 532, 537–39 (3d Cir. 2004)

(private hospital and its medical staff are not state actors). Under limited circumstances, a private individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark*, 51 F.3d at 1142–43 (detailing the various tests used to analyze whether private conduct may be treated as state action). But none of the conduct alleged in the complaint can be fairly viewed as state action.

Moreover, any federal civil rights claims under to 42 U.S.C. § 1983 arising from the plaintiff's medical treatment in Pennsylvania are subject to Pennsylvania's two-year statute of limitations applicable to personal injury actions. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78–79 (3d Cir. 1989); *see also* 42 Pa. Cons. Stat. Ann. § 5524. Likewise, any federal civil rights claims arising from the plaintiff's medical treatment in Florida are subject to Florida's four-year residual personal injury statute of limitations. *Sneed v. Pan Am. Hosp.*, 370 Fed. App'x 47, 49 (11th Cir. 2010) (per curiam) (noting four-year statute of limitations for § 1983 claims under Florida law); *Hernandez v. Jackson Mem. Hosp.*, No. 07-20229-CIV, 2007 WL 3343075, at *3 (S.D. Fla. Nov. 8, 2007) (applying Florida's four-year residual personal injury statute of limitations to constitutional tort

claims arising out of medical treatment); *see also* Fla. Stat. § 95.11(3)(p).

Accordingly, it is recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We further recommend that these claims be dismissed *without* leave to file a curative amendment, as amendment under these circumstances is clearly futile. *See generally Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## IV. RECOMMENDATION

For the foregoing reasons, it is hereby recommended that:

1.    The complaint (Doc. 1) be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2.    The Clerk be directed to **CLOSE** this case.

Dated: August 15 2016                      ***s/ Joseph F. Saporito, Jr.***
                                           JOSEPH F. SAPORITO, JR.
                                           United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ROSA YAP MUNCHAK,

    Plaintiff,

    v.

BECKY RUCKNO, et al.,

    Defendants.

CIVIL ACTION NO. 4:16-cv-01639

(BRANN, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 15, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: August 15, 2016                  ***s/ Joseph F. Saporito, Jr.***
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge