IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSA YAP MUNCHAK, | : | Civil Action No. 4:16-CV-1639 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| BECKY RUCKNO, | : | |
| GEISINGER HOSPITAL, | : | |
| ESTATE OF LATE | : | (Magistrate Judge Saporito) |
| DR. ROBERT L. WALKER, | : | |
| *CONTACT LAWYER WENDY* | : | |
| *TRIPOLI*, | : | |
| DR. AMY LAW, | : | |
| MOFFITT CANCER CENTER, | : | |
| DR. ROBERT WENHAM, | : | |
| DR. RAVI SHANKAR, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

December 13, 2016

Plaintiff, Rosa Yap Munchak, filed a complaint on August 8, 2016, naming as Defendants multiple physicians and two hospitals. Because she is proceeding *pro se,* Plaintiff's case was jointly assigned to Magistrate Judge Joseph F. Saporito.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of

fact and recommendations."[1]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[2]  When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[4]

On August 15, 2016, the magistrate judge  a report and recommendation[5] recommending dismissal of the action without leave to amend. Plaintiff filed objections to the report and recommendation.[6]

For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no

---

[1]28 U.S.C. 636(b)(1)(B).

[2]28 U.S.C. 636(b)(1).

[3]28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[4]*Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5]ECF No. 5.

[6]ECF No. 11.

clear error on the face of the record in order to accept the recommendation."[7] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8]

    I will accept the magistrate judge's recommendation of dismissal. From what I can discern from Plaintiff's 30-page handwritten complaint, she experienced emotional distress following a 2004 hysterectomy at the Geisinger Medical Center. Ms. Munchak complaints that she did not provide informed consent prior to receiving this standard medical procedure, despite having signed the informed consent forms. She claims that her English skills were poor and that her husband explained the physician's statements to her prior to her signing the forms. Ms. Munchak underwent treatment at the Moffit Cancer Center in Tampa, Florida, in 2005, and again, claims that the physicians did not obtain informed consent because of the language barrier.

    Although allegations of a lack of informed consent sound squarely in tort, specifically, medical malpractice, Plaintiff makes it clear in her objections that the

---

[7] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[8] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

instant action is not a medical malpractice action.[9]  Instead, Plaintiff is bringing her complaint as a civil rights action pursuant to 42 U.S.C. § 1983.  In order for Plaintiff to prevail Section 1983, she  must establish two elements: first, that the conduct complained of was committed by a person acting under color of state law; and second, that the conduct deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.[10]

    Plaintiff's claim fails as there is no conduct alleged, or that she could possibly amend to allege, that points to any state action or actor to state a claim under Section 1983.   "The color of law requirement excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[11] "In rare cases, the state can so dominate private activity as to convert it to state action."[12] Unfortunately for Plaintiff, the Defendants here are private hospitals and private individuals; Plaintiff has not alleged any facts, nor could she, that defendants' actions are attributable to their respective state.

---

    [9]Had she brought the instant action as a medical malpractice action, it would have been dismissed by the undersigned, as there is not complete diversity of citizenship, preventing this Court from exercising jurisdiction over her claim.

    [10]*See Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993).

    [11]*Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal citations omitted.)

    [12]*Id.*

Consequently, the Plaintiff's objections are overruled, as she has provided no persuasive argument sufficient to find that the magistrate judge erred. The report and recommendation will be adopted in full and the matter dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Joseph Saporito's Report and Recommendation is ADOPTED in full. August 15 2016, ECF No. 5.

2. Plaintiff's complaint is DISMISSED. August 8, 2016, ECF. No. 1.

3. The Clerk is directed to close the case file.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge